# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

J & J SPORTS PRODUCTIONS, INC., )
)
          Plaintiff, )
)
vs. )   Case No. CIV-10-635-M
)
JESUS VEGA, Individually and )
JESUS VEGA d/b/a CHUCHO'S BAR, )
)
          Defendants. )

## ORDER

Before the Court is Plaintiff's Opening Motion for Partial Summary Judgment [docket no. 27] and its brief in support. No response was filed by defendants.[1] As this matter is ripe for adjudication, the Court makes its determination.

Plaintiff was granted the exclusive nationwide television distribution rights to "*Lethal Combination*": *Manny Pacquiao v. David Diaz, WBC Lightweight Championship Fight Program* ("the program"), telecast nationwide on February 2, 2008. Pursuant to the contract granting plaintiff distribution rights, plaintiff entered into sub-licensing agreements with various commercial entities by which it granted limited sub-licensing rights to permit the public exhibition of the program. Without the authorization of plaintiff, defendant Jesus Vega unlawfully intercepted and exhibited the program at his commercial establishment, Chucho's Bar, in Oklahoma City, Oklahoma. Plaintiff alleges causes of action for violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, and a common law cause of action for conversion.

---

[1] Pursuant to Local Civil Rule 56.1, the Court deems the statements of undisputed facts contained in plaintiff's motion admitted for the purpose of partial summary judgment.

As defendants did not respond to plaintiff's Requests for Admissions, the following is deemed admitted[2]:

1. Mr. Vega was the owner, manager, and officer of Chucho's Bar when the program was broadcast, and any employees of the establishment were working on his behalf.

2. Mr. Vega was present at Chucho's Bar when the program was broadcast.

3. Mr. Vega advertised that the program would be telecast at Chucho's Bar, believed that the programming would be of interest to the patrons of Chucho's Bar, and required a cover charge be paid for admission.

4. Mr. Vega did not order the program from plaintiff.

5. Mr. Vega did not pay a licensing fee to plaintiff.

6. Mr. Vega broadcast the program at his establishment, Chucho's Bar, on Saturday, June 28, 2008.

7. Mr. Vega was aware that a licensing fee had to be paid to plaintiff.

8. The program was received because a residential cable service was diverted into Chucho's Bar, a residential satellite service was diverted into Chucho's Bar, an illegal decoder was used in Chucho's Bar, a satellite access card programmed to enable receipt of satellite service without proper authorization or payment was utilized, and/or Mr. Vega ordered the program from a programming provider (i.e., cable company, Dish Network, DirecTV) and paid the provider the residential license fee for the program.

---

[2] Federal Rule of Civil Procedure 36 requires that a party respond to requests for admission within thirty days after service of the requests. Fed. R. Civ. P. 36(a)(3). If a timely response is not received, the matter in the requests for admission are deemed admitted. *Bergemann v. United States*, 820 F.2d 1117, 1120 (10th Cir. 1987) ("Unanswered requests for admission are deemed admitted.").

9. Mr. Vega intentionally broadcast the program by deception and for financial gain.

Summary judgment is appropriate when "there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (internal citation and quotation omitted). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to produce specific facts, supported by evidence in the record, upon which a reasonable jury could find that there is a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 248. While the facts and all reasonable inferences are to be viewed in the light most favorable to the non-movant, the mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment. *Id.* at 247-48, 255.

Title 47 of United States Code Section 553 provides, in pertinent part, that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Further, Title 47 of United States Code Section 605 provides the following:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign

3

> communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Both 47 U.S.C. §§ 553 and 605 are strict liability statutes. *See* 47 U.S.C. § 553(c)(3)(C) and 47 U.S.C. § 605(e)(3)(C)(iii).

In this case, the evidence demonstrates that there is no genuine issue of material fact as to whether Mr. Vega illegally intercepted and broadcast the program in his commercial establishment Chucho's Bar. In light of Mr. Vega's admission to broadcasting the program without authorization from plaintiff, the Court finds that plaintiff is entitled to summary judgment on the issue of liability on the statutory claims.

With respect to plaintiff's conversion claim, "[u]nder Oklahoma law, 'conversion' is a distinct act or dominion wrongfully exercised over another's personal property in denial of or inconsistent with his rights therein." *ITT Indus. Credit Co. v. L-P Gas Equip., Inc.*, 453 F. Supp. 671, 676 (W.D. Okla. 1978). "The general rule in Oklahoma is that only *tangible* personal property may be converted." *Welty v. Martinaire of Okla., Inc.*, 867 p.2d 1273, 1275 (Okla. 1994). Given the facts relating to defendants' interception of the program via closed-circuit television transmission, however, it appears that plaintiff should not recover on its common law claim for conversion since the general rule is that only tangible personal property may be converted. Accordingly, the Court finds that summary adjudication of the conversion claim is improper.

4

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion for partial summary judgment as follows: the Court GRANTS the instant motion as to the statutory claims, and the Court DENIES the instant motion as to the common law claim of conversion.[3]

**IT IS SO ORDERED this 1st day of March, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court ORDERS plaintiff to file its brief on damages in this matter by March 22, 2011. Furthermore, the Court directs that defendants file their response to plaintiff's brief on damages no later than twenty one days after plaintiff's filing date.